# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| TONY WHITAKER<br>1971 Victoria Ave.<br>Dayton, OH 45406<br><br>    Plaintiff,<br><br>    v.<br><br>FUYAO GLASS AMERICA INC.<br>c/o Marc L. Fleischauer, Esq.<br>Coolidge Wall Co., LPA<br>33 West First Street, Suite 600<br>Dayton, OH 45402<br>Email: fleischauer@coollaw.com<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:21-cv-00320<br><br>JUDGE WALTER H. RICE<br><br>Magistrate Judge Peter B. Silvain, Jr.<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff Tony Whitaker by and through undersigned counsel, as his Amended Complaint against the Defendant, states and avers the following:

## PARTIES

1. Plaintiff is a resident of the city of Dayton, Montgomery County, Ohio.

2. Defendant Fuyao Glass America, Inc. ("Fuyao") is a domestic-incorporated, for-profit company that does business throughout the state of Ohio. The relevant location of the events and omissions of this Complaint took place was 2801 West Stroop Road, Moraine, Ohio 45439.

3. Fuyao is, and was at all times hereinafter mentioned, Plaintiff's employer within the meaning of the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101, *et seq.*, Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617, *et seq.*, Ohio R.C. § 4123.90, and Ohio R.C. § 4112, *et seq.*

4. On or about September 30, 2021, within 300 days of the adverse employment actions described herein, Whitaker dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Ohio Civil Rights Commission ("OCRC"), Charge No. 473-2021-01663 ("Charge").

5. On or about July 21, 2022, the EEOC issued and mailed to Whitaker a Dismissal and Notice of Rights letter regarding the Charge.

6. Whitaker received the Dismissal and Notice of Rights letter in accordance with 42 U.S.C. § 200e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

7. Whitaker has filed this Amended Complaint on or before the 90-day deadline set forth in the Dismissal and Notice of Rights letter.

8. Whitaker has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## JURISDICTION & VENUE

9. All the material events alleged in this Complaint occurred in or around Montgomery County, Ohio.

10. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that Plaintiff is alleging federal law claims under the ADA and the FMLA.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as Plaintiff's state law claims are so closely related to Plaintiff's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

14. Plaintiff is a former employee of Fuyao.

15. At all times noted herein, Plaintiff was qualified for his position(s) with Fuyao.

16. At all times noted herein, Plaintiff could fully perform the essential functions of his job, with or without a reasonable accommodation.

17. Whitaker worked for Fuyao as a Utility Worker from on or about August 20, 2016, until Fuyao terminated Whitaker's employment on May 10, 2021.

18. In or around September 2020, Whitaker was working when glass cut his wrist.

19. Whitaker went to the nurse on site who sutured him, giving notice of the workplace injury and disability protected class to Fuyao.

20. Unfortunately, Whitaker still had glass in his arm that was never cleaned out.

21. When Whitaker was sent back to work, he told Fuyao he had to leave due to the pain.

22. Whitaker went to the ER later as he could barely move his arm. The cut caused nerve damage.

23. Whitaker returned to work after being out due to his injury in or around December 2020.

24. Whitaker's doctor gave him a note ordering lifting restrictions of 5 pounds and preventing any writing.

25. Whitaker gave this note to Maria Robinson in HR in an attempt to engage in the interactive process of finding him reasonable accommodation(s).

26. Whitaker was on light duty due to his doctor's orders. In response, his supervisor, Dawei Wang, told him, "I don't need you. Get out of my face."

27. Whitaker reported comment this to the Director, Rodney (Last Name Unknown), but Rodney (LNU) dismissed his concerns, telling him he would get to the bottom of it and to go back to work.

28. Fuyao and Dawei Wang failed to discuss accommodations for Whitaker and Whitaker was tasked with maintenance on the grounds from December 2020 through March 2021.

29. During this time, Whitaker applied for and began receiving intermittent FMLA with Fuyao.

30. In March 2021, Fuyao moved Whitaker from maintenance and made him clean up the shop's interior.

31. However, Rodney (LNU) both continuously demanded that Whitaker lift heavy things in violation of Whitaker's medical restrictions – this was a failure to provide reasonable accommodations by Fuyao. Whitaker repeatedly had to reaffirm his work restrictions.

32. Fuyao put Whitaker back in his old job in March 2021.

33. Whitaker was able to do all aspects of his job except for writing, which was expressly restricted by his doctor as it could damage the nerves in his arm.

34. Rodney (LNU) instructed Dawei Wang to have someone write for Whitaker.

35. Dawei Wang refused to follow instructions, thus further failing to reasonably accommodate Whitaker.

36. After the second or third writing request, Dawei Wang told Whitaker to do it himself, but Whitaker's injury prevented him from writing.

37. Dawei Wang asked Whitaker why he was not writing, and Whitaker had to remind Dawei Wang the medical restrictions prevented him from writing.

38. Whitaker's arm was still hurting, and he called off from work a couple of days in April.

39. Fuyao declined Whitaker's FMLA requested days off without reason cited.

40. At the end of April, Whitaker spoke to Robinson about his FMLA.

41. Robinson told Whitaker he had to talk to Chen Wang in HR. Robinson refused to assist Whitaker with Fuyao's refusal to recognize his use of FMLA days off from work.

42. Whitaker told Rodney (LNU) and Wang they were asking him to do things he could not do because of his injury. They told him he had to do the work because it was his job.

43. On or about May 10, 2021, Wang and Rodney (LNU) informed Whitaker that Chen had terminated Whitaker's employment because of too many absence points.

44. Whitaker only missed days due to his disability, and those days should have been covered absences via the FMLA.

45. Whitaker complained to Dawei Wang and Rodney (LNU) LNU that they required him to do things he was able to do with his arm. They rebuffed his protected complaints, telling him it was his job.

46. Not too long after, Whitaker's employment was terminated.

47. After Whitaker was injured at work, he filled out Workers Compensation paperwork.

48. After Whitaker came back to work, his employer soon stopped honoring his work accommodation and began rejecting his FMLA leave.

49. Whitaker was terminated purportedly due to absence points just a couple months after returning to work after his injury.

50. Whitaker's attempts to take leave from work were met with resistance. Fuyao interfered with and discouraged him from using FMLA leave.

51. Robinson rejected Whitaker's FMLA absences and attributed attendance points to his record.

52. Robinson warned Whitaker his FMLA available days were running out and Whitaker protested, telling her he had not used enough days of FMLA to run out.

53. Whitaker's employment was terminated purportedly based on the points accrued for absences his FMLA covered.

54. Defendant's termination of Plaintiff was an adverse employment action against Plaintiff.

55. Defendant actually terminated Plaintiff's employment in retaliation against or preventative action against his Worker's Compensation claim, to interfere with or retaliate against his FMLA usage, discriminatorily against his disability, to avoid providing him a reasonable accommodation, and/or in retaliation against his protected complaints.

56. As a result of the above, Plaintiff has suffered and will continue to suffer damages.

## COUNT I: WORKERS' COMPENSATION RETALIATION

57. Whitaker restates each and every prior paragraph of this complaint, as if it were fully restated herein.

58. Whitaker filed for Workers' Compensation benefits after being injured on the job.

59. On or about May 10, 2021, Fuyao terminated Whitaker's employment.

60. The temporal proximity, among other things, between Whitaker filing for Workers' Compensation benefits and his termination implies that Fuyao terminated Whitaker's employment in retaliation for filing for Workers' Compensation benefits.

61. Whitaker was discharged without just cause for filing a claim for Workers' Compensation benefits; therefore, Whitaker is entitled to recover damages under R.C. § 4123.90.

62. As a direct and proximate result of Defendant's conduct, Whitaker has suffered and will continue to suffer damages.

## COUNT II: WRONGFUL TERMINATION AGAINST PUBLIC POLICY

63. Whitaker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating an employee to avoid a Workers' Compensation claim.

65. Specifically, in *Sutton v. Tomco Machine*, the Ohio Supreme Court noted "we recognize a common-law tort claim for wrongful discharge in violation of public policy when an injured employee suffers retaliatory employment action after an injury but before he or she files, institutes, or pursues a workers' compensation claim." (*Sutton v. Tomco Machine*, 129 Ohio.St. 3d 153, 163 (2011)).

66. Defendant terminated Whitaker's employment when it could have provided him reasonable accommodations and/or maintained his employment, instead.

67. Defendant actually terminated Whitaker's employment in a preventative action against him filing a Worker's Compensation claim.

68. Defendant's termination of Whitaker jeopardizes this public policy.

69. Defendant's termination of Whitaker was motivated by conduct related to these public policies.

70. Defendant had no overriding business justification for terminating Whitaker's employment.

71. As a direct and proximate result of Defendant's conduct, Whitaker has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III:  UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

72. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

73. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

74. Fuyao is a covered employer under the FMLA.

75. Plaintiff was an employee eligible for FMLA due to his severe health conditions (described *supra*).

76. During his employment, Plaintiff qualified for and inquired about FMLA leave due to his disabilities because he was terminated.

77. During his employment with Fuyao, Plaintiff was unable to receive FMLA benefits for his disabilities.

78. Defendant unlawfully interfered with Plaintiff's exercise of his rights under the FMLA in violation of § 105 of the FMLA and § 825.220 of the FMLA regulations.

79. Defendant's refusal to provide Plaintiff with information pertaining to FMLA leave and/or permit Plaintiff to take FMLA leave violated and interfered with his FMLA rights.

80. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and will continue to suffer damages.

81. As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

## COUNT IV: RETALIATION IN VIOLATION OF THE FMLA

82. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. During his employment, Plaintiff qualified for and attempted to take intermittent FMLA leave.

84. Defendant knew Plaintiff took FMLA leave.

85. After Plaintiff utilized his qualified FMLA leave, Defendant retaliated against him.

86. Defendant terminated Plaintiff's employment.

87. Plaintiff's termination was an adverse employment action against him.

88. Defendant's proffered reason for Plaintiff's termination was pretextual.

89. There was a causal link between Plaintiff's medical leave under the FMLA and Defendant's termination of Plaintiff's employment.

90. Defendant actually terminated Plaintiff for his FMLA use.

91. Defendant retaliated against Plaintiff by terminating his employment.

92. Defendant's actions show that it willfully retaliated against Plaintiff in violation of U.S.C. § 2615(a).

93. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT V: DISABILITY DISCRIMINATION UNDER THE ADA

94. Whitaker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. Whitaker is disabled, as described *supra*.

96. In the alternative, Defendant perceived Whitaker as being disabled.

97. Whitaker's condition constituted a physical impairment.

98. Whitaker's condition substantially impaired one or more of his/her major life activities including working.

99. Defendant perceived Whitaker's condition to substantially impair one or more of his major life activities including working.

100. Defendant treated Whitaker differently than other similarly-situated employees based on his disabling condition.

101. Defendant treated Whitaker differently than other similarly-situated employees based on his perceived disabling condition.

102. On or about May 10, 2021, Defendant terminated Whitaker's employment without just cause.

103. Defendant terminated Whitaker's employment based his disability.

104. Defendant terminated Whitaker's employment based his perceived disability.

105. Defendant violated the ADA when it discharged Whitaker based on his disability.

106. Defendant violated the ADA when it discharged Whitaker based on his perceived disability.

107. Defendant violated the ADA by discriminating against Whitaker based on his disabling condition.

108. Defendant violated the ADA by discriminating against Whitaker based on his perceived disabling condition.

109. Whitaker suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

110. As a direct and proximate result of Defendant's conduct, Whitaker suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT VI: DISABILITY DISCRIMINATION UNDER R.C. § 4112 et seq.

111. Whitaker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. Whitaker is disabled, as described *supra*.

113. In the alternative, Defendant perceived Whitaker as being disabled.

114. Whitaker's condition constituted a physical impairment.

115. Whitaker's condition substantially impaired one or more of his/her major life activities including working.

116. Defendant perceived Whitaker's condition to substantially impair one or more of his major life activities including working.

117. Defendant treated Whitaker differently than other similarly-situated employees based on his disabling condition.

118. Defendant treated Whitaker differently than other similarly-situated employees based on his perceived disabling condition.

119. On or about May 10, 2021, Defendant terminated Whitaker's employment without just cause.

120. Defendant terminated Whitaker's employment based his disability.

121. Defendant terminated Whitaker's employment based his perceived disability.

122. Defendant violated R.C. § 4112 when it discharged Whitaker based on his disability.

123. Defendant violated R.C. § 4112 when it discharged Whitaker based on his perceived disability.

124. Defendant violated R.C. § 4112 by discriminating against Whitaker based on his disabling condition.

125. Defendant violated R.C. § 4112 by discriminating against Whitaker based on his perceived disabling condition.

126. Whitaker suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

127. As a direct and proximate result of Defendant's conduct, Whitaker suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VII: FAILURE TO ACCOMMODATE UNDER THE ADA

128. Whitaker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

129. Whitaker is disabled, as described *supra*.

130. Whitaker informed Defendant of his disabling condition.

131. Whitaker requested accommodations from Defendant to assist with his disabilities.

132. Whitaker's requested accommodations were reasonable.

133. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

134. Defendant failed to engage in the interactive process of determining whether Whitaker needed an accommodation.

135. Defendant failed to provide an accommodation.

136. Defendant violated the ADA.

137. As a direct and proximate result of Defendant's conduct, Whitaker suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT VIII: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.01 et seq.**

138. Whitaker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

139. Whitaker informed Defendant of his disabling condition.

140. Whitaker requested accommodations from Defendant to assist with his disabilities.

141. Whitaker's requested accommodations were reasonable.

142. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

143. Defendant failed to engage in the interactive process of determining whether Whitaker needed an accommodation.

144. Defendant failed to provide an accommodation.

145. Defendant violated R.C. § 4112.02 by failing to provide Whitaker a reasonable accommodation.

146. Whitaker suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

147. As a direct and proximate result of Defendant's conduct, Whitaker suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IX: RETALIATORY DISCRIMINATION

148. Whitaker restates each and every prior paragraph of this complaint, as if it were fully restated herein.

149. As a result of the Defendant's discriminatory conduct described above, Whitaker complained about the disability discrimination he was experiencing.

150. Subsequent to Whitaker reporting of disability discrimination to his supervisor and employer, Whitaker's employment was terminated.

151. Defendant's actions were retaliatory in nature based on Whitaker 's opposition to the unlawful discriminatory conduct.

152. Pursuant to the ADA and R.C. §4112.02(I), it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

153. Whitaker suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA and R.C. § 4112.01 *et seq*.

154. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Whitaker, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands from Defendant the following:

a) Issue a permanent injunction:

   i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

   iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

   v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Plaintiff's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Matthew G. Bruce*
Matthew G. Bruce (0083769)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: matthew.bruce@spitzlawfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff Tony Whitaker demands a trial by jury by the maximum number of jurors permitted.

*/s/ Matthew G. Bruce*
Matthew G. Bruce (0083769)
**SPITZ, THE EMPLOYEE'S LAW FIRM**